IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN WATSON,

    Plaintiff,

v.

JEREMY CHILDERS,

    Defendant.

Case No. 3:22-CV-02829-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On a Friday morning in September 2020, police officer Jeremy Childers approached Shawn Watson's house. (Doc. 1-1). Childers told Watson he was under arrest for violating the terms and conditions of his bail bond. (*Id.*). Surprised by this news, Watson—who maintains that he did not violate any term of his bond—felt harassed by Childers, given these false charges. (*Id.*). According to Watson, Childers failed to conduct any legitimate investigation but decided to target Watson based on personal disdain for Watson. (*Id.*).

After his arrest, Watson spent about 17 hours in jail. (*Id.*). The next day, criminal charges were officially filed against Watson in Franklin County. (*Id.*). While detained, Watson missed work and was later fired for failing to show up. (*Id.*). Because of his job loss, Watson and his wife were left with no other option but to sell their home. (*Id.*). The criminal charges brought against Watson were eventually dismissed on January 11, 2021. (*Id.*).

Watson originally filed this case in state court in Franklin County, Illinois, on October 25, 2022. (*Id.*). His Complaint contains two counts: one for False Arrest pursuant to 42 U.S.C. § 1983 and one for False Arrest under Illinois common law. (*Id.*). Childers removed the action

to this Court and subsequently filed a motion to dismiss arguing that the statute of limitations has expired for both claims. (Docs. 1, 5). Plaintiff Shawn Watson filed an untimely response. (Doc. 7).[1]

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013).

Ordinarily, a statute of limitations defense is not considered as part of a motion to dismiss under Rule 12(b)(6), as it is an affirmative defense and plaintiffs are not required to anticipate or plead around defenses in their complaints. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014). When the facts pleaded in the complaint set forth everything necessary to satisfy the affirmative defense and reveal that relief is barred by the applicable statute of limitations, however, the complaint can be properly dismissed for failure to state a claim. *Logan*, 644 F.3d at 582; *Sidney Hillman Health Center of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

---

[1] Pursuant to Local Rule 7.1(c), an adverse party in a civil case has 30 days after service of a motion to dismiss to file a response. Here, Watson filed his response 52 days after service of the motion to dismiss. The local rules state that, "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

## DISCUSSION

State law governs the statute of limitations period for Section 1983 claims. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). The accrual date for Section 1983 claims, however, is a question of federal law. *Id.* at 388. The statute of limitations for personal injury actions in Illinois, and for federal Section 1983 claims brought in Illinois, is two years. 735 ILCS 5/13-202; *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). Looking to federal law, false arrest claims, where the arrest is followed by criminal proceedings, accrue when legal process is initiated against the victim who becomes held pursuant to such legal process. *Wallace*, 549 U.S. at 389-90, 397. For example, a person is held pursuant to legal process when he or she is bound over by a magistrate or arraigned on charges. *Id.* at 389-90.

As described in the Complaint, Childers arrested Watson on September 25, 2020. (Doc. 1-1). After 17 hours, Watson was released from detention and charges were brought against him the next day, September 26, 2020. (*Id.*). Childers argues that Watson's false arrest cause of action accrued from the date of his arrest, or, at the latest, when he was released from jail the following day. Because Watson initiated his lawsuit on October 25, 2022, Childers contends that the claims are late under the applicable statute of limitations. As for Watson's Illinois common law claim for false arrest, Childers avers that a one-year statute of limitations applies for civil claims against police officers, and thus, that claim is even more stale. Childers also references the online state court docket for the underlying criminal proceedings against Watson and asserts that the Court can take judicial notice of that docket in considering this motion to dismiss.

While the Court need not consider Watson's arguments due to the untimeliness of his

response, he primarily argues that his entire cause of action was not complete until he lost his job on November 10, 2020 (a date not listed in his Complaint[2]). Watson argues that the accrual clock for statute of limitation purposes began to run once he was terminated from his job as a result of his illegal arrest. At that time, his cause of action became complete, because only then did he know of the injury upon which this action is based.

Watson's argument ignores the nature of his claims—false arrest. The Supreme Court has spoken definitively on the statute of limitations accrual time for a Section 1983 claim seeking damages for false arrest in violation of the Fourth Amendment. "[W]here the arrest is followed by criminal proceedings, [the statute of limitations] begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397; *see also Regains v. City of Chicago,* 918 F.3d 529, 533 (7th Cir. 2019) ("A claim for false arrest or false imprisonment accrues once the plaintiff is detained (or released) as a result of a lawful process."). Watson's subsequent job loss may be a latent consequence of the false arrest, but it is not the injury that forms the basis of a cause of action for false arrest. Damages for false arrest cover the time of detention up until the issuance of process or arraignment, but not more. *Id.* at 390; *see also Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013) (finding that a false arrest claim has a specific accrual rule where the statute of limitations begins to run when the claimant becomes detained pursuant to legal process, which presents an exception to the general rule that a Section 1983 claim accrues when a plaintiff knows or has reason to know of the injury forming the basis of his action).

Here, to determine the accrual date, the Court must pinpoint when Watson became

---

[2] Watson seeks leave to amend his Complaint to add this date, but an amendment is unnecessary as it does not impact the statute of limitations analysis for his false arrest claims.

held pursuant to legal process. Childers argues that the statute of limitations clock began on the date of arrest, or, if not then, the next day when charges were filed. The Court disagrees as to both dates. Instead, the Court finds that the clock began on September 30, 2020, when Watson was placed on bond by a judge, and, thus, bound over by a magistrate or held pursuant to legal process. *See Valdez v. Village of Brookfield, Illinois,* No. 1:18-cv-5434, 2020 WL 2935125, at *3 (N.D. Ill. June 3, 2020) ("An arrestee is held in custody by legal process when he is placed on bond by a judge.").

Notably, the date of Watson's bond hearing does not appear in the Complaint. But "[t]aking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012); *see also Henson v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir. 1994). A district court is empowered to take judicial notice of facts that are "(1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Ennenga,* 677 F.3d at 773-74. Contents of court records are frequently the subject of judicial notice. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1081 (7th Cir. 1997). Here, Watson's state court criminal docket is readily ascertainable from an official and public state court record whose accuracy is not subject to reasonable dispute. Thus, the Court takes judicial notice of Watson's state court criminal docket.[3]

The Complaint and the judicially noticed material contain everything necessary to determine the timeliness of Watson's claims. Based on the accrual date of Watson's bond

---

[3] https://www.judici.com/courts/cases/case_history.jsp?court=IL028015J&ocl=IL028015J,2020CM263,IL028015JL2020CM263D1 (last visited July 26,2023).

hearing on September 30, 2020, Watson had until September 30, 2022, to assert his false arrest claims under Section 1983. While a two-year statute of limitations applies to Section 1983 claims, Illinois local governmental entities and their employees benefit from a one-year statute of limitations for "civil actions" against them. 745 ILCS 10/8–101; *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). This one-year limitations period applies to a state law claim joined with a Section 1983 claim. *Id.* So, Watson had until September 30, 2021, to assert his Illinois common law claim for false arrest. Thus, Watson's federal and state claims were both time-barred when they were first brought on October 25, 2022.

## CONCLUSION

For these reasons, the Court **GRANTS** the Motion to Dismiss (Doc. 5) filed by Defendant Jeremy Childers, and this entire case is **DISMISSED with prejudice**. The Court **DIRECTS** the Clerk's Office to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  July 27, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**